# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **EUGENE CAMPBELL,** | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | **Civil Action No. 3:20-cv-477-E** |
| | § | **ECF** |
| **v.** | § | |
| | § | |
| **AHERN RENTALS, INC.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

---

## PLAINTIFF EUGENE CAMPBELL'S MOTION TO COMPEL

---

Plaintiff Eugene Campbell ("Campbell" or "Plaintiff") files this, Plaintiff's Motion to Compel, and respectfully provides the following information.

Fadi Yousef
Texas Bar No. 24108025
fyousef@robwiley.com

**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
**ATTORNEY FOR PLAINTIFF**

## TABLE OF CONTENTS

I.     BACKGROUND ................................................................................................ 1

II.    SUMMARY OF PLAINTIFF'S REQUESTS .................................................. 2

III.   RELEVANT STANDARD ................................................................................ 3

IV.   DISPUTED DISCOVERY REQUESTS ......................................................... 4

    A.   Plaintiff's Interrogatory No. 10. ............................................................... 4

    B.   Plaintiff's Interrogatory No. 16. ............................................................... 5

    C.   Plaintiff's Interrogatory No. 17. ............................................................... 6

    D.   Plaintiff's Requests for Production Nos. 1-2. ........................................... 7

    E.   Plaintiff's Request for Production No. 6. .................................................. 8

    F.   Plaintiff's Request for Production No. 7. .................................................. 9

    G.   Plaintiff's Request for Production No. 11. ............................................... 11

    H.   Plaintiff's Request for Production No. 19. ............................................... 12

    I.   Plaintiff's Request for Production No. 38. ............................................... 13

    J.   Plaintiff's Request for Production No. 40 [sic] ........................................ 14

    K.   Plaintiff's Request for Production No. 43 [sic] ........................................ 17

    L.   Plaintiff's Request for Production No. 45 [sic] ........................................ 17

    M.   Plaintiff's Request for Production No. 46 [sic] ........................................ 20

V.     PRAYER ........................................................................................................ 22

## TABLE OF AUTHORITIES

**Cases**

*Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) ................................. 7

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1972) ......................... 6

*Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 578 (N.D. Tex. 2016) ................ 4

*In re Bankers Trust*, 61 F.3d 465, 469 (6th Cir. 1995), cert. dismissed, 517 US 1205 (1996)..... 18

*In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ............................................ 16

*Jackson v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 172 F. Supp. 2d 860, 878 (S.D. Tex. 2001),

    aff'd, 54 F. App'x 404 (5th Cir. 2002)..................................................................... 8

*Jones v. RS & H, Inc.*, 775 F. App'x 978, 990–91 (11th Cir. 2019)............................... 5

*Laxton v. Gap Inc.*, 333 F. 3d 572, 578 (5th Cir. 2003).................................................. 12

*Lindsey v. Prive Corp.*, 987 F.2d 324 (5th Cir. 1993) .................................................... 8

*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 584 (N.D. Tex. 2018)............................... 16

*McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)............................................ 12

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988)........................................ 4

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) ....... 4

*Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014) ............................ 5

*Reeves v. General Foods Corp.*, 682 F.2d 515 (5th Cir. 1982) ...................................... 8

*Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1109 (5th Cir. 1995) ....................... 7

*United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997) ...................................... 15

*Wyvill v. United Co. Life Ins.*, 212 F.3d 296, 302 (5th Cir. 2000)................................. 8

**Rules**

Fed. R. Civ. P. 26(b) ............................................................................. 3, 15, 16, 20

Fed. R. Civ. P. 33(b)(4)........................................................................................ 4

Fed. R. Civ. P. 34(a)(2)(B) ............................................................................................... 4

Fed. R. Civ. P. 34(b)(2)(C) ............................................................................................... 9

Fed. R. Civ. P. 37(3)(B)(iii)-(iv) ...................................................................................... 4

Fed. R. Civ. P. 37(a)(4) ..................................................................................................... 4

## I.     <u>BACKGROUND</u>

This is an employment case. Campbell alleges three claims against Defendant Ahern Rentals, Inc. ("Ahern"): 1) age discrimination under the ADEA, 2) failure to pay unpaid overtime wages under the FLSA, and 3) untimely and deficient COBRA continuation coverage notice under ERISA.

Campbell worked for Ahern Rentals from 2007 to 2019, most recently as a project manager at Ahern's Construction/Facilities Department ("Construction Department"). On March 29, 2019, Ahern terminated Campbell, along with several other individuals from the Construction Department, as part of a reduction in force ("RIF"). Campbell alleges that Ahern engaged in systematic elimination of older employees in the Construction Department. At least eight of the terminated employees were over fifty (six of whom, including Campbell, were over sixty). Ahern retained the younger employees in the Construction Department, including Michael Regno, who was the youngest (49) and least experienced of all project managers at the Construction Department, and who had just been hired about a month before the layoff. Campbell alleges that Michael Regno said on several occasions to other employees in the Department, "I've been hired to be the hammer … I'm here to bust skulls … you move too slow … I can hire replacements at half your age and half your pay."

Campbell's FLSA claim involves a misclassification case. Specifically, Campbell alleges that Ahern misclassified him as a salaried, exempt employee when his job duties did not actually fall under any FLSA exemption. Campbell alleges he worked more than 40 hours a week without getting paid for these overtime hours.

Campbell's ERISA claim involves Ahern's failure to timely send him a COBRA continuation coverage election notice after his termination. Campbell was a participant in an

Ahern-sponsored and administered group health benefits plan. As administrator of its plan, Ahern was responsible for sending Campbell his COBRA election notice within a maximum of 44 days after his termination. Campbell alleges that he did not receive the notice until April 24, 2020 (348 days late), when Ahern provided it after a request from Campbell's attorney. As a result of Ahern's actions, Campbell suffered uninsured medical expenses that he seeks reimbursement for along with statutory penalties. In addition to the notice's untimeliness, Campbell alleges that the late notice he received contains multiple deficiencies that renders it noncompliant with federal regulations.

## II.   SUMMARY OF PLAINTIFF'S REQUESTS

With respect to each disputed Interrogatory ("ROG") and Request for Production ("RFP") discussed below, Plaintiff requests that this Court overrule Defendant's objections and order the following:

- **ROG No. 10**: Compel Defendant to identify any instances in which any Ahern employee or former employee complained that Ahern violated any requirements of the FLSA in the past five years.

- **ROG No. 16**: Compel Defendant to identify all Reductions in Force (RIFs) or layoffs it has done since January 2015, including the job titles and ages of all employees laid off and those retained, and the reasons for the RIFs.

- **ROG No. 17**: Compel Defendant to provide the requested detailed information regarding the COBRA Election Notice that was allegedly sent to Plaintiff on April 8, 2019.

- **RFPs Nos. 1-2**: Compel Defendant to produce formal and informal complaints of age discrimination in the last (5) years by any Ahern employees who worked at or reported to Defendant's corporate office in Las Vegas, and the investigations into such complaints.

- **RFP No. 6**: Compel Defendant to produce all documents and communications regarding Plaintiff from January 1, 2019 to the present, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

- **RFP No. 7**: Compel Defendant to produce all documents and communications regarding the March 29, 2019 layoff of the majority of the Construction Department, created, sent, or

received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

- **RFP No. 11**: Compel Defendant to produce the personnel files (including records concerning pay, performance, discipline, hiring and firing, awards, and complaints by of against—and excluding any medical records) of all employees of the Construction Department since January 1, 2017, including any employees holding the same job title (project manager) as Plaintiff.

- **RFP No. 19**: Compel Defendant to produce all documents and communications concerning the age of Plaintiff or any other employee, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

- **RFP No. 38**: Compel Defendant to produce documents concerning the performance or job quality of the Construction Department created after January 1, 2017, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

- **RFP No. 40 [sic]**: Compel Defendant to produce all documents evidencing any communications Defendant has sent or received from the Department of Labor or any equivalent state agency in connection with any investigation of FLSA or wage & hour violations.

- **RFP No. 43 [sic]**: Compel Defendant to produce all policies concerning the administration of its ERISA-covered welfare benefits plan.

- **RFP No. 45 [sic]**: Compel Defendant to produce Plaintiff's COBRA Continuation Coverage Election Notice in its original, native format with readable metadata.

- **RFP No. 46 [sic]**: Compel Defendant to produce all documents and communications concerning Plaintiff's COBRA Continuation Coverage Election Notice.

### III.   RELEVANT STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b).

A party may move to seek discovery when the other party has failed to answer an interrogatory submitted under Rule 33 or produce documents submitted under Rule 34. Fed. R.

Civ. P. 37(3)(B)(iii)-(iv). A party that objects to an interrogatory or request to produce must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 33(b)(4) and Fed. R. Civ. P. 34(a)(2)(B); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 578 (N.D. Tex. 2016) ("The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.") (*citing McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Rule 37 makes clear that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## IV.   DISPUTED DISCOVERY REQUESTS

### A. Plaintiff's Interrogatory No. 10.

This interrogatory asks Defendant to "[i]dentify and describe any instances in which any Ahern employee or former employee complained that Ahern violated any requirements of the Fair Labor Standards Act." (App. 14). Defendant limited its response to complaints from employees of the Construction Department within the last five years. This is not sufficient.

Plaintiff has the burden of proving willfulness in order to seek the maximum amount of damages under the law. If Plaintiff proves willfulness, the statute of limitations of his FLSA claims extends to three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 129 (1988). To prove willfulness, Plaintiff is entitled to use evidence of previous FLSA complaints. Information concerning other employee complaints is necessary to determine whether Defendant participated in a pattern or practice of wage and hour violations, which could support a finding of willfulness.

As Defendant has not produced any documents to indicate that the Construction Department exercised independent decision-making authority as it relates to the classification of employees under the FLSA, there is no justification for limiting this interrogatory to only the Construction Department. To the contrary, as it appears that most, if not all, integral business

decisions were contingent on the approval of Don Ahern, CEO, it is appropriate, highly probative, and proportional to the needs of this case for Plaintiff to seek information on all FLSA complaints.

Accordingly, Defendant's unilateral decision to limit its response to Interrogatory No. 10 to only one department is inappropriate.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to identify all instances in which an employee or former employee complained that Defendant violated the FLSA.

## B. Plaintiff's Interrogatory No. 16.

This interrogatory seeks information regarding other RIFs or layoffs undertaken by Defendant since January 2015. (App. 15). Defendant objected on "proportionality" grounds and refused to provide an answer. (App. 15).

"Evidence relating to company-wide practices may reveal patterns of discrimination against a group of employees, increasing the likelihood that an employer's offered explanation for an employment decision regarding a particular individual masks a discriminatory motive." *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 204 (2d Cir. 2014). Such "discovery request, [which] goes beyond the narrow confines of the facility in which plaintiff worked[,] is relevant to [plaintiff's] discrimination claim." *Id*. (internal quotation marks and citations omitted). The "pattern of firing and demoting so many older workers and replacing them with younger workers, by the relevant decision-maker during the same time period, constitutes probative circumstantial evidence of age discrimination." *Jones v. RS & H, Inc.*, 775 F. App'x 978, 990–91 (11th Cir. 2019).

In this case, company-wide discovery with regard to RIFs implemented by Defendant is appropriate to determine whether Defendant exercised a pattern of discrimination against older employees. Defendant has stated in its answers to interrogatories that "Tony Regno executed the termination of the Construction Department after consultation with Don F. Ahern, Chief Executive

Officer and Chairman of the Board." (App. 11). Therefore, information concerning RIFs undertaken by Don Ahern and/or Tony Regno since January 2015 is necessary to determine whether Defendant has participated in a pattern or practice of age discrimination, which could constitute circumstantial evidence of age discrimination and also support a finding of willfulness on the part of Defendant, thereby providing a basis for liquidated damages.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to identify all RIFs or layoffs that it has done since January 2015, including the job titles and ages of all employees laid off and those retained, and the reasons for the RIFs.

**C.  Plaintiff's Interrogatory No. 17.**

Plaintiff's Interrogatory No. 17 requests detailed information regarding the COBRA Election Notice that was allegedly sent to Plaintiff on April 8, 2019, including: "a) The individual(s) who prepared or drafted the Notice; b) The Software used to prepare or draft the Notice; c) The method of delivered used to send the Notice; d) The individual(s) who sent the Notice; e) The exact date on which the Notice was sent; and f) The address to which the Notice was sent." (App. 15).

Defendant objected to this interrogatory on the basis that it is harassing and seeks information equally available to Plaintiff. (App. 15). Then, Defendant provided a partial answer to the interrogatory subject to its improper objections.  (App. 15).

"The fact that an interrogatory calls for a thorough response – one that will take time and effort to answer – does not make it improper[]" or harassing. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307-08 (5th Cir. 1972). Additionally, while Defendant is not required to conduct an extensive investigation to respond to an interrogatory, it must, at the very least, provide a verified answer by reviewing all sources of responsive information reasonably available to it and providing

the responsive, relevant facts reasonable available to it. *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).

Accordingly, Defendant's objections to this interrogatory should be overruled because Defendant's refusal to fully respond to the interrogatory on the basis that the requested information is equally available to the propounding party is inappropriate.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to provide a full answer to Plaintiff's Interrogatory No. 17.

**D.  Plaintiff's Requests for Production Nos. 1-2.**

These requests seek documents concerning any "formal or informal complaints or grievances of age discrimination by any Ahern employee in the last (5) years" and any "investigations" of those complaints. (App. 1-2). In response, Defendant objected on multiple grounds, limited its production to "documents related to any formal complaints or grievances of age discrimination by employees within Ahern's Construction Department within the last five years," and outright refused to produce any documents concerning the "investigations" into those complaints as requested in RFP No. 2. (App. 1-2).

The Construction Department—where Campbell worked—reported directly to Ahern's corporate, executive management in Las Vegas, Nevada. Ahern stated in its interrogatory answers that "Tony Regno executed the termination of the Construction Department after consultation with Don F. Ahern, Chief Executive Officer and Chairman of the Board." (App. 11). Tony Regno is an executive as well.

Plaintiff agreed to limit his request to those complaints made by Ahern employees who work at or report to Defendant's corporate office in Las Vegas. Defendant did not agree.

Evidence of discrimination against other members of the plaintiff's protected class is highly probative. *See Shattuck v. Kinetic Concepts, Inc.*, 49 F.3d 1106, 1109 (5th Cir. 1995); *see*

*also, e.g., Lindsey v. Prive Corp.*, 987 F.2d 324 (5th Cir. 1993); *Reeves v. General Foods Corp.*, 682 F.2d 515 (5th Cir. 1982). Plaintiff "can introduce anecdotal evidence of discrimination against other employees to establish that a defendant's reasons are a pretext for discrimination." *Jackson v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 172 F. Supp. 2d 860, 878 (S.D. Tex. 2001), aff'd, 54 F. App'x 404 (5th Cir. 2002) (citing *Wyvill v. United Co. Life Ins.*, 212 F.3d 296, 302 (5th Cir. 2000)).

Plaintiff's request should not be limited to complaints from employees at the Construction Department. The decision makers in this case are Don F. Ahern (CEO) and Tony Regno (an executive who is believed to be the COO). Complaints of discrimination made against these individuals or other executives are relevant and probative to Plaintiff's age discrimination claim.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce formal and informal complaints of age discrimination in the last (5) years by any Ahern employees who work[ed] at or report[ed] to Defendant's corporate office in Las Vegas, and the investigations into such complaints.

**E. Plaintiff's Request for Production No. 6.**

RFP No. 6 seeks all communications regarding Campbell going back *only three months* before Campbell's termination (since January 1, 2019). (App. 6). Yet, Defendant objected to this request on numerous different grounds. (App. 7).

Despite its multiple objections, Defendant initially responded with, "Limiting this Request to the custodian Tony Regno for the time period January 1, 2019 and the present, Ahern has not identified any responsive, non-privileged documents." (App. 7). Ahern's counsel indicated that Defendant "asked" Tony Regno if he had any responsive documents and "received confirmation" from him that he did not possess any. Ahern's unilateral decision to limit its search to a verbal inquiry, as opposed to a proper ESI search, and to only one custodian is improper. In the interest

of compromise, Plaintiff agreed to limiting the search to only seven custodians: Don Ahern (CEO), Tony Regno, Mark Brown (president), Michael Regno (project manager), Gary Johnson (former VP of Construction Department), Rich Foltynewicz (Head of HR), and David Faircloth (compliance officer). Ahern's counsel indicated on July 24, 2020 that Ahern "will probably supplement in the very near future."

On February 5, 2021, Defendant supplemented its response by restating the same objections and responding with, "Ahern further states that after a diligent search of all communications of the custodian Tony Regno from the time period of March 28, 2018 to the present, no such documents are believed to exist at this time." (App. 28-29).

It is unclear why Defendant chose to expand the time period to March 28, 2018 while it insisted on limiting the custodians to Tony Regno only. This manner in responding after multiple objections "leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). Defendant did not even comply with Rule 34(b)(2)(C), which provides that Defendant "*must* state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added).

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and Compel Defendant to produce all documents and communications regarding Plaintiff from January 1, 2019 to the present, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

## F. Plaintiff's Request for Production No. 7.

RFP No. 7 seeks all communications regarding the March 29, 2019 layoff of the majority of Ahern's Construction Department. (App. 4). This request literally goes to the heart of Plaintiff's age discrimination case. Yet, Defendant objected to this request on numerous grounds. (App. 4).

Despite its multiple objections, Defendant initially responded with, "Limiting this Request to the custodian Tony Regno for the time period January 1, 2019 and the present, Ahern has not identified any responsive, non-privileged documents." (App. 4). As stated above, Defendant had asserted in a written interrogatory answer that "Tony Regno executed the termination of the Construction Department after consultation with Don F. Ahern, Chief Executive Officer and Chairman of the Board." (App. 11). Alleging that Tony Regno did not create, send, or receive any documents or written communication *at all* regarding a major elimination of an entire department leaves Plaintiff "guessing and wondering" if Defendant withheld responsive documents on the basis of its objections, because—like in Plaintiff's RFP No. 6—Defendant did not comply with Rule 34(b)(2)(C).

In the interest of compromise, Plaintiff agreed to limiting the search to the same seven custodians identified in RFP No. 6 above. Ahern's counsel indicated on July 24, 2020 that Ahern "will probably supplement in the very near future." On February 5, 2021, Defendant supplemented its responses, restating the same objections and responding with, "Ahern further states that after a diligent search, Ahern has produced responsive documents in its possession, custody and control. Ahern retains the right to supplement its Response to this Request as required under the Federal Rules of Civil Procedure." (App. 29-30). On February 9, 2021, Defendant produced *one* document containing an email sent from Gary Johnson, former VP of Construction Department, to the majority of the Department on the morning of March 29, 2019, mandating that everyone be present for what was soon to become a termination meeting that day.

Defendant's supplemental response remains deficient. It is unclear the records of which custodians were searched or during what timeframe. Moreover, Defendant produced only one

document. Overall, this supplemental response, along with the objections, still leaves Plaintiff wondering if Defendant is withholding documents on the basis of its objections.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce all documents and communications regarding the March 29, 2019 layoff of the majority of the Construction Department, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

**G. Plaintiff's Request for Production No. 11.**

This request seeks the most basic information requested in almost every employment discrimination case: comparator information. Plaintiff requested "The personnel files—specifically any and all documents showing performance evaluations, disciplinary actions, hiring and firing, awards, and complaints by or against—from January 1, 2017 to the present of employees holding the same job title as Plaintiff; employees in the Construction/Facilities Department." (App. 6). Defendant objected to this request on numerous grounds and outright refused to produce any documents. (App. 6). Along with other boilerplate objections, Defendant made the following two objections:

> [T]he personnel files of unidentified persons who have limited involvement, if any, to the decision to terminate Plaintiff's employment with Ahern have no bearing on the averments made in the Complaint. Finally, Ahern objects to this Request to the extent it seeks private information related to third-parties not personally named in this action.

(App. 6). But on February 9, 2021, Defendant voluntarily produced a self-serving document contained in the personnel file of one of those comparators, Gary Glossip. Specifically, Defendant produced a "Written Warning" it gave a few days before the layoff to Garry Glossip, one of the individuals terminated with Plaintiff on March 29, 2019. Defendant cannot assert objections based

on relevancy and privacy of third parties, only to later selectively produce self-serving documents responsive to this request.

Evidence of how comparator employees were treated is highly relevant evidence to consider at summary judgment or trial. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Laxton v. Gap Inc.*, 333 F. 3d 572, 578 (5th Cir. 2003). Because of Defendant's refusal to answer this request, Plaintiff cannot evaluate how he was treated in comparison to other employees in the Construction Department under the *McDonnell-Douglas* framework. Defendant's discovery responses indicate that the Construction Department had no more than 16 employees at the time of the March 29, 2019 layoff. Defendant has alleged that it "eliminated the majority of the Construction Department" due to "quality of their work product" and "continued complaints and utter inefficiency of the department." (App. 11). Plaintiff is entitled to review the personnel files of those employees who were eliminated (the majority of whom are over 50), and those employees who were retained, to compare the records.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce the personnel files (including records concerning pay, performance, discipline, hiring and firing, awards, and complaints by of against—and excluding any medical records) of all employees of the Construction Department since January 1, 2017, including any employees holding the same job title (Project Manager) as Plaintiff.

**H. Plaintiff's Request for Production No. 19.**

This request seeks documents concerning the subject matter of Plaintiff's age discrimination claim: "Plaintiff's age or the age of any other employee." (App. 7). Nonetheless, Defendant objected on numerous grounds and limited its original response to only a three-month period: "Ahern states that it has no responsive, non-privileged documents from January 1, 2019 to March 30, 2019 in its possession, custody, or control." (App. 7). It is unclear if Defendant's

response was based on an actual search for electronic documents or on a verbal inquiry like in RFPs Nos. 6-7. Either way, Defendant's original response was improper. Plaintiff proposed limiting the custodians to those same ones suggested for RFPs Nos. 6-7.

On February 5, 2021, Defendant supplemented its response restating the same numerous objections and then responding with, "Ahern further states that after a diligent search of communications of Tony Regno from March 28, 2019 to the present, no such documents are believed to exist at this time." (App. 30). For no apparent reason, Defendant limited its response to documents within the possession of only one custodian beginning *one day* before the March 29, 2019 layoff. Defendant's objections and supplemental response are improper and do not comply with Rule 34(b)(2)(C). It is unclear if Defendant is withholding any documents on the basis of its objections.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce all documents and communications concerning the age of Plaintiff or any other employee, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

## I.  Plaintiff's Request for Production No. 38.

RFP No. 38 seeks documents "concerning the performance or job quality of the Construction Department created after January 1, 2017." (App. 18). As stated above, Ahern has put the job quality and performance of the Construction Department at issue when it claimed that poor quality and performance were the reasons for the elimination of the majority of the Department. Seeking documents and communications for up to about two years prior to the layoff is reasonable. Defendant objected on multiple grounds and then stated that it was willing to meet and confer regarding search terms, protocols, and other limitations. (App. 19). Counsel for Plaintiff

and Defendant conferred on November 10, 2020. In the interest of compromise, Plaintiff agreed to limiting the search to only the same seven custodians identified in RFP No. 6 above.

On February 5, 2021, Defendant supplemented its answer restating the same objections and responding with, "Ahern further states that after a diligent search, Ahern has produced responsive documents in its possession, custody and control. Ahern retains the right to supplement its Response to this Request as required under the Federal Rules of Civil Procedure." (App. 31). Defendant produced responsive documents on February 9, 2021 but did not comply with Rule 34(b)(2)(C).

Defendant's supplemental response remains deficient. It is unclear the records of which custodians were searched or during what timeframe. Overall, this supplemental response, along with the objections, still leaves Plaintiff wondering if Defendant is withholding documents on the basis of its objections.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce documents concerning the performance or job quality of the Construction Department created after January 1, 2017, created, sent, or received by the following seven custodians: Don Ahern, Tony Regno, Mark Brown, Michael Regno, Gary Johnson, Rich Foltynewicz, and David Faircloth.

## J.   Plaintiff's Request for Production No. 40 [sic].[1]

This request seeks "All documents evidencing any communications you have sent to or received from the Department of Labor or an equivalent state agency in connection with any investigation of FLSA or wage and hour violations." (App. 20-21). Defendant responded on September 14, 2020 by asserting one objection: "Ahern objects to this Request to the extent it

---

[1] Plaintiff inadvertently served a number of requests with duplicate numbers. To avoid confusion, the parties have added [sic] at the end of each duplicate number for easy identification.

seeks documents protected by the attorney-client privilege and the work product doctrine." (App. 21). Defendant did not provide a privilege log that complies with Rule 26(b)(5). Plaintiff conferred with Defendant with regard to this request on November 10, 2020 and explained that the request seeks documents and communications sent to or received by a third party (the DOL), and that these documents cannot be privileged because they are shared with a third party.

On February 5, 2021—nearly five months after its original response—Defendant supplemented its response restating the same privilege objection and *adding* the following objections: "Ahern further objects to this Request as vague and ambiguous as it does not contain sufficient temporal or subject-matter limitation related to any investigation related to FLSA or wage & hour violations associated with Plaintiff making the burden and expense of the proposed discovery outweigh its likely benefit. As a result, this Request is not proportional to the needs of this action." (App. 31).

As a threshold matter, communications between Defendant and the Department of Labor or an equivalent state agency are not subject to attorney-client privilege. "The assertor of the lawyer-client privilege must prove: (1) that he made a confidential communication; (2) to a lawyer or his subordinate; (3) for the primary purpose of securing either a legal opinion or legal services, or assistance in some legal proceeding." *United States v. Robinson*, 121 F.3d 971, 974 (5th Cir. 1997). Plaintiff is not seeking communications between Defendant and its lawyers. Defendant does not have an attorney-client relationship with the Department of Labor or an equivalent state agency, and therefore, cannot hide behind a privilege objection to justify its refusal to produce documents responsive to this request. Assuming arguendo that the requested documents are privileged, which they are not, Defendant must comply with Federal Rule of Civil Procedure 26(b)(5) and provide Plaintiff with a privilege log, which it has not.

Moreover, Defendant's additional objections asserted on February 5, 2021 are waived because they are grossly untimely. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[W]hen a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Additionally, even if the objections were timely, they are improper. First, [t]he party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity … [and] must explain the specific and particular way in which a request is vague." *Heller*, 303 F.R.D. at 491 (internal quotation marks removed). "[I]f a party believes that the request is vague, that party should attempt to obtain clarification prior to objecting on this ground." *Id*. at 492 (internal quotation marks removed). Second, when a party resists discovery on the grounds that it is not proportional to the needs of the case, it must make a "specific objection and showing" that the request "fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address—insofar as that information is available to it—the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 584 (N.D. Tex. 2018).

Defendant has not explained the specific and particular way how the request is vague and ambiguous, has not attempted to obtain clarification prior to objecting, and has not shown specifically how the request fails the proportionality calculation mandated by Rule 26(b). Defendant has not even produced a single document with respect to a current DOL investigation that Plaintiff is a part of and Defendant has admitted it is aware of. Defendant even referenced this investigation in its answer to Plaintiff's Interrogatory No. 10.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce all documents evidencing any communications Defendant has sent or received from the Department of Labor or any equivalent state agency in connection with any investigation of FLSA or wage & hour violations, and to produce a privilege log with respect to any documents Defendant is withholding on the basis of any privilege.

**K. Plaintiff's Request for Production No. 43 [sic].**

This request seeks "All policies concerning the administration of any ERISA-covered welfare or pension benefits plans sponsored and/or administered by Ahern." (App. 21). Defendant objected to this request on multiple grounds and refused to respond. (App. 21-22). Plaintiff's ERISA claim is directed at Defendant in its capacity as *administrator* of its group health benefits plan. Plaintiff is entitled to discovery over Defendant's policies concerning the *administration* of its ERISA-covered benefits plan that Campbell was a participant of. In a discrimination case, it is unquestionable that a plaintiff is entitled to workplace policies regarding discrimination. In fact, Defendant has produced such policies regarding discrimination. It is unclear, however, why Defendant has refused to produce policies regarding the *administration* of its ERISA-covered plans, when Plaintiff's ERISA claim concerns the *administration* of those plans.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce all policies concerning the administration of its ERISA-covered welfare benefits plan.

**L. Plaintiff's Request for Production No. 45 [sic].**

Plaintiff's Request for Production No. 45 [sic] requests "Mr. Campbell's COBRA Continuation Coverage Election Notice in native format with metadata," including drafts of such Notice. (App. 22). This request seeks *the* notice that necessitated Plaintiff's ERISA claim. Yet, Defendant objected to this request on the basis that it utilizes a third-party administrator for

COBRA notices, and, therefore, does not have access to such ESI. (App. 22). However, ESI responsive to this request is within Defendant's custody or control because Defendant has "the legal right to obtain the documents on demand." *In re Bankers Trust*, 61 F.3d 465, 469 (6th Cir. 1995), cert. dismissed, 517 U.S. 1205 (1996).   Defendant has the legal right to obtain the information upon demand by virtue of a principal-agent relationship between Ahern and PlanSource, its third-party administrator. Additionally, it should be noted that Plaintiff had already notified this Court of his intent to "request certain key documents in native format with metadata" in the Joint Status Report (D.E. 13).

On February 5, 2021, Defendant supplemented its response and produced a bates-stamped copy of the Notice. (App. 31-32). The copy was not the original copy in native format and was without any readable metadata.

The original of this document is crucial to Plaintiff's ERISA claim. The exact date this Notice was created and/or modified is essential to Plaintiff's claim that Defendant did not send him a timely COBRA Notice. Defendant has produced two versions of this Notice on two different occasions. The first was on April 24, 2020, in response to an email request by counsel for Plaintiff. And the second was on February 5, 2021, in response to this request for production. Neither versions contain readable metadata.

The version produced on April 24, 2020 contains the following metadata:



The version produced on February 5, 2021 contains the following:



The Notice could not have been originally created on "12/31/01" or "1/29/21" because Plaintiff was terminated on March 29, 2019. Additionally, Defendant did not produce any drafts of such notice or otherwise indicate that no such drafts exist.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce Plaintiff's COBRA Continuation Coverage Election Notice in its original, native format with readable metadate.

**M. Plaintiff's Request for Production No. 46 [sic].**

This request seeks "All documents, communications (including emails and memos), and electronically stored information concerning Mr. Campbell's COBRA continuation Coverage Election Notice." (App. 22-23). Defendant made several boilerplate objections, including "vague and ambiguous" and "proportionality" objections, even though this request seeks communications that go to the heart of Plaintiff's ERISA claim. (App. 23). Despite its objections, Defendant then went on to answer the request subject to its objection, and claimed that it had no responsive documents in its possession, custody, or control. (App. 23). On February 5, 2021, Defendant supplemented its response restating the same objections and responding with, "Ahern further states that it has produced a copy of a communication with an employee listing attached concerning Mr. Campbell's COBRA Continuation Coverage Election Notice." (App. 32).

Defendant has failed to explain the specific and particular way how the request is vague and ambiguous or attempt to obtain clarification prior to objecting. Additionally, Defendant has failed to show specifically how the request fails the proportionality calculation mandated by Rule 26(b). Courts have held time and time again that general boilerplate objection are "meaningless and constitute a waste of time for opposing counsel and the court." *Heller*, 303 F.R.D. at 483. Similarly, responding to a discovery request subject to multiple objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure." *Id*. at 486-87. Here, Defendant's supplemental response leaves Plaintiff confused as to what portions of the request it has objected to, what portion it has provided a response to, and whether Defendant has withheld information and/or documents on the basis of its objections.

Communications regarding Plaintiff's COBRA Continuation Coverage Election Notice are vital to Plaintiff's claim that Defendant failed to timely provide him with a COBRA Election Notice. If Defendant has communications regarding its failure to timely provide the Notice, efforts to provide the Notice, or any communication whatsoever pertaining to Plaintiff's COBRA Continuation Coverage Election Notice, it must provide such communications to Plaintiff as they are not only relevant, but highly probative.

Moreover, Plaintiff has compelling reasons to believe such communications do exist and are being withheld. Defendant has already asserted in its answer to Plaintiff's Interrogatory No. 17 that "Ahern's third-party administrator was notified of Plaintiff's termination. The third-party administrator informed Ahern that it sent said notice on April 8, 2019." (App. 15). Therefore, there must exist *at least* two responsive communications: Ahern's notification to its third-party administrator regarding Campbell's termination, and that administrator's communication that it sent the notice on April 8, 2019.

The only communication Defendant produced is a two-word email with an attached Excel spreadsheet containing general information related to employees in the Construction Department. The document does not reference Plaintiff's COBRA Notice at all. Defendant has not produced any communications—internal communications or those with its third-party administrator—concerning Plaintiff's COBRA Notice.

For these reasons, Plaintiff prays this Court to overrule Defendant's objections and compel Defendant to produce all documents and communications concerning Plaintiff's COBRA Continuation Coverage Election Notice.

## V.   <u>PRAYER</u>

Based on the foregoing, Defendant must respond to the referenced discovery requests so Plaintiff can obtain potentially relevant information. Plaintiff respectfully prays that the Court grant this motion, overrule Defendant's objections, and order Defendant to respond to the referenced discovery requests within 10 days of this Court's order. A proposed order is attached. Plaintiff requests any other relief to which he may be entitled.

Respectfully submitted,
**ROB WILEY, P.C.**

By: */s/ Fadi Yousef*
Fadi Yousef
Texas Bar No. 24108025
fyousef@robwiley.com

**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile: (214) 528-6511
**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF CONFERENCE</u>

I contacted counsel for Defendant, Mark Flores, regarding the issues raised in this motion on multiple occasions via phone and email, including on July 16, 2020, July 24, 2020, September 11, 2020, November 10, 2020, January 25-February 1, 2021, February 5-6, 2021, and February 8, 2021. While the parties were able to resolve other discovery issues, the issues raised in this Motion could not be resolved. Defendant is opposed.

*/s/ Fadi Yousef*
Fadi Yousef

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on February 9, 2021, I electronically filed the foregoing using the CM/EFC system, which sent notification of such filing to the following:

Michael P. Royal
Mark A. Flores
Littler Mendelson, P.C.
2001 Ross Avenue, Suite 1500
Lock Box 116
Dallas, Texas 75201-2931
markflores@littler.com
mroyal@littler.com

-and-

Patrick H. Hicks
Littler Mendelson, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169-5937
(702) 862-8800
(702) 862-8811 (Facsimile)
phicks@littler.com

*/s/ Fadi Yousef*
Fadi Yousef