IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:20-CV-00477-E |
| | § | |
| AHERN RENTALS, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT AHERN RENTALS, INC.'S MOTION FOR
PROTECTIVE ORDER REGARDING TOPICS IDENTIFIED AS PART OF
RULE 30(B)(6) DEPOSITION OF DEFENDANT, AND BRIEF IN SUPPORT**

Mark Flores
Texas State Bar No. 24076385
markflores@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201-2931
214.880.8100
214.880.0181 (Facsimile)

Patrick Hicks
Admitted Pro Hac Vice
Nevada State Bar No. 004632
phicks@littler.com
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169-5937
702.862.8800
702.862.8811 (Facsimile)

ATTORNEYS FOR DEFENDANT
AHERN RENTALS, INC.

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

I.     INTRODUCTION .................................................................................................. 1

II.    STANDARD OF REVIEW .................................................................................... 4

III.   ARGUMENT .......................................................................................................... 5

       A.     Plaintiff's attempt to seek testimony regarding FLSA investigations into the Construction Department not only seeks testimony unrelated to the case at bar but also seeks discovery more readily available via a Request for Production on which this Court is currently considering as part of a previously filed Motion to Compel ........................................................................ 5

       B.     Topic No. 8 seeks information for which Plaintiff has already received testimony and also seeks information and communications protected by the work product doctrine ..................................................................................... 7

       C.     The overbreadth of topics for which Plaintiff seeks testimony in Topic Nos. 9 and 10 as well as the lack of specific limitations regarding the facts on which Plaintiff seeks testimony and work-product concerns warrant a protective order in this instance ........................................................................ 9

       D.     This court should strike Topics No. 11 and 12 necessarily seek testimony that requires the witness divulge the impressions of counsel and strategy used as part of litigation and have limited relevance to any claim or defense in this action ..................................................................................... 10

IV.   CONCLUSION .................................................................................................... 12

CERTIFICATE OF CONFERENCE ............................................................................... 13

CERTIFICATE OF SERVICE ......................................................................................... 13

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Cook v. City of Dallas*,
  No. 3:12-CV-3788-N, 2017 WL 9534098 (N.D. Tex. Apr. 10, 2017) .......................................9

*Dennis v. United States*,
  No. 3:16-cv-3148-G-BN, 2017 WL 4778708 (N.D. Tex. Oct. 23, 2017) .......................4, 5, 10

*United States* ex rel. *Garbe v. Kmart Corp.*,
  No. 3:12-cv-00881-MJR-PMR, 2014 WL 2218758 (S.D. Ill. May 29, 2014) ..........................6

*Lincoln v. Hartford Fire Ins.Co.*,
  No. CIV 02-739 LH/ACT, 2003 WL 27385260 at *2 (D.N.M. Apr. 29, 2003).......................6

*Nerium Skincare, Inc. v. Olson*,
  3:16-CV-1217-B, 2017 WL 277634 (N.D. Tex. Jan. 20, 2017), *objections overruled sub nom. Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, 3:16-CV-1217-B, 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017)................................................................9

*Snoddy v. City of Nacogdoches*,
  98 Fed. App'x 338 (5th Cir. 2004) ...........................................................................................8

*Stancu v. Hyatt Corp./Hyatt Regency, Dallas*,
  No. 3:17-cv-675-L-BN, 2018 WL 888909 (N.D. Tex. Feb. 14, 2018).....................................5

**Statutes**

Consolidated Omnibus Budget Reconciliation Act (COBRA)..........................................2, 3, 7, 8

Fair Labor Standards Act (FLSA).........................................................................................2, 5, 6

False Claims Act .................................................................................................................... 6, 7

**Other Authorities**

FED. R. CIV. P. 26 ................................................................................................................ *passim*

FED. R. CIV. P. 30(b)(6)..............................................................................................3, 4, 7, 11

Federal Rules of Evidence 408 ..................................................................................................5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE CAMPBELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:20-CV-00477-E |
| | § | |
| AHERN RENTALS, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT AHERN RENTALS, INC.'S MOTION FOR
PROTECTIVE ORDER REGARDING TOPICS IDENTIFIED AS PART OF
RULE 30(B)(6) DEPOSITION OF DEFENDANT, AND BRIEF IN SUPPORT**

COMES NOW Defendant Ahern Rentals, Inc. ("Ahern") and files the Motion for Protective Order Regarding Topics Identified as Part of Rule 30(b)(6) Deposition of Defendant and would state as follows:

**I.
INTRODUCTION**

Ahern operates in approximately thirty states across the country with its central base of operations located in Nevada. Plaintiff worked in the Construction Department as a project manager for former Vice-President Gary Johnson. The Construction Department handled various construction projects and issues across the country at various Ahern properties.

On or about March 29, 2019, Ahern eliminated the Construction Department based on complaints and general inefficiencies within the Construction Department. The Construction Department reported directly to the corporate headquarters in Nevada. Plaintiff claims this reorganization, however, constituted age discrimination despite the fact that two of the three former employees of the Construction Department reassigned to other areas inside of Ahern following the elimination of the Construction Department were over the age of 40.

At the recent deposition of Ahern's Vice-President of Human Resources, Rich Foltynewicz, he provided further proof of the fact that Plaintiff received his COBRA notice and the process used by Ahern to ensure delivery. Over the course of several pages of deposition testimony, Foltynewicz described how he asked Plaintiff and other employees who lost their job as part of the elimination of the Construction Department to confirm their home addresses and informed those separated employees to expect a COBRA notice within 15 days of the termination meeting. Foltynewicz further testified that the termination event was reported via a central reporting system to various parts of the Construction Department, including the Compensation and Benefits section who then reported the termination to a third-party administrator (PlanSource) responsible for generating and delivering the COBRA notice to those affected. A deposition of a PlanSource representative is scheduled for March 23, 2021 and he will provide further testimony on this claim made by Campbell in his First Amended Complaint. To wit, the PlanSource deponent is expected to testify that they sent the COBRA notice to Plaintiff.

Despite these undisputed facts in this action, Plaintiff continues to seek discovery on issues outside the scope of discovery as defined by Rule 26 of the Federal Rules of Civil Procedure. Plaintiff and Ahern have worked together to narrow the topics presented in the Notice of Oral Deposition of Defendant Ahern Rentals, Inc. served by Plaintiff on Ahern on Monday, March 8, 20201 over the last few weeks and been somewhat successful. That said, Ahern objects to the following topics, in whole or in part:

7. All instances in which Defendant was subject to investigation by the U.S. Department of Labor or any equivalent state agency, because of alleged FLSA or wage & hour violations in the last five years, including the outcome of those investigations. For purposes of this deposition, this topic is limited to those DOL investigations concerning employees of the Construction Department. standard of review.

8. Ahern's procedures regarding the reporting of information to PlanSource for purposes of issuing a COBRA Notice to terminated employees and all efforts Ahern made to ensure that Plaintiff received his COBRA Notice after his termination, including all communications Defendant had with PlanSource regarding Plaintiff's COBRA Notice.

9. Facts underlying Defendant's affirmative defenses Nos. 2, 8, 11, 13, 14, 17, 18, 29, 31, and 33,[1] in its Answer to Plaintiff's First Amended Complaint and Jury Demand.

10. Facts underlying Defendant's answers to Plaintiff's First and Second Sets of Interrogatories. This topic is limited to Plaintiff's Interrogatories Nos. 3, 4, 5, 8, 9, 10, 11, 12, 13, 15, and 17.

11. Ahern's method of search of the documents requested in Plaintiff's First and Second Set of Requests for Production. This topic is limited to Ahern's responses to Plaintiff's Requests for Production Nos. 1, 2, 6, 7, 19, 28, 38, 45 [sic], and 46 [sic].

12. The completeness of the documents Ahern has produced in response to those Requests for Production referenced in paragraph 11, including whether Ahern has complied with its duty to supplement under Fed. R. Civ. P. 26(e).

[APP. 0001-0003]. These exceedingly wide array of topics not only fail to sufficiently designate the outer limits of materials for which Plaintiff expects Ahern's witness to testify but also involves objectionable topics that fall outside the scope of discovery, particularly those topics that will require testimony on areas for which Plaintiff has equal access, areas that would require the witness provide information that would reveal the impressions and strategies of its attorneys, and other materials that have limited relevance to any claim or defense in this action as further discussed below. As a result, Ahern requests a stay of the Rule 30(b)(6) deponent pending resolution of this

---

[1] In a late response to objections served by Defendant regarding the undefined nature of this topic, Plaintiff has now offered to state the actual contents of the numbered paragraphs. [APP. 0019-0024]. This remains deficient given that to Plaintiff still fails to define with reasonable particularity the actual facts on which Plaintiff seeks testimony.

**DEFENDANT AHERN RENTALS, INC.'S MOTION FOR PROTECTIVE ORDER
REGARDING TOPICS IDENTIFIED AS PART OF RULE 30(B)(6) DEPOSITION
OF DEFENDANT, AND BRIEF IN SUPPORT** PAGE 3

motion and also requests this Court strike each of the above-stated topics from the Notice of Deposition of Ahern Rentals, Inc.

## II.
## STANDARD OF REVIEW

Rule 30(b)(6) of the Federal Rules of Civil Procedure imposes duties and obligations on both Plaintiff, as the party noticing a deposition of an organization, and Ahern, as the organization producing a witness in response to a notice of deposition pursuant to Rule 30(b)(6). Ahern has the responsibility to present a witness with "the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition." *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *7 (N.D. Tex. Oct. 23, 2017) (quoting *Brazos River Auth. V. GE Ionics, Inc.*, 469 F.3d 416, 432-34 (5th Cir. 2006)). Rule 30(b)(6) requires Plaintiff "describe with reasonable particularity the matters for examination" in the notice of deposition. FED. R. CIV. P. 30(b)(6). The designation of topics is particularly important given Ahern's responsibility to prepare its witness to answer any number of questions that might fall within the scope of the topic making a description with "reasonable particularity" essential to any Rule 30(b)(6) deposition.

This requires Plaintiff provide non-objectionable topics for purposes of preparing the witness to speak on behalf of Ahern as stated below:

> For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, that particular subject areas that are intended to be questioned and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.

*Dennis*, 2017 WL 4778708, at *8 (citation omitted). Moreover, the topics must fall within the scope of discover, non-privileged and proportional to the needs of this action "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Should the topics fall outside the confines of the scope of discovery, be not proportional to the needs of this action, or seek testimony on otherwise objectionable topics, Rule 26(d) provides the responding party the opportunity to seek a protective order. Ahern bears the burden of showing good cause for the entry of a protection order by showing that "the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable." *Id.* at *6. Counsel for Ahern has provided its objections and met and conferred with counsel for Plaintiff regarding same. *See* [APP. 0005-0009]. Counsel for Plaintiff has not removed the identified topics. Ahern, therefore, requests this Court enter a Protective Order requesting this Court strike the below mentioned topics as discussed further below.

## III.
## ARGUMENT

**A.    Plaintiff's attempt to seek testimony regarding FLSA investigations into the Construction Department not only seeks testimony unrelated to the case at bar but also seeks discovery more readily available via a Request for Production on which this Court is currently considering as part of a previously filed Motion to Compel.**

As previously discussed, "pattern-or-practice" discovery requests should generally be denied absent limitation meant to ensure the discovery is "narrowly crafted" or "reasonably calculated to obtain evidence." *Stancu v. Hyatt Corp./Hyatt Regency, Dallas*, No. 3:17-cv-675-L-BN, 2018 WL 888909, at *5-6 (N.D. Tex. Feb. 14, 2018). This is especially true for discovery meant to find information that cannot possibly be admitted pursuant to Federal Rules of Evidence 408 making settlement discussions inadmissible. FED. R. EVID. 408. Testimony regarding

communications had by and between Ahern and PlanSource could likely also elicit testimony into areas that would reveal the mental impressions and strategy decisions made by counsel for Ahern otherwise protected by the work-product doctrine.

Moreover, this Topic seeks testimony regarding documents and other communications exchanged with the DOL, which includes communications made by and between in-house counsel and the company that will provide information regarding the impressions and strategy decisions taken by Ahern in any negotiations that took place by and between Ahern and DOL during the pendency of any alleged DOL investigation into wage and hour complaints within the Construction Department. This is especially true in the above-captioned action where Plaintiff refused to plead a claim for a violation of the FLSA for more than two months after filing his initial Complaint despite knowing about an ongoing DOL investigation into potential wage and hour violations.

This Court should not allow Plaintiff to play such games by granting Plaintiff access to documents exchanged by and between Ahern and the DOL, especially given Ahern's belief that Ahern was negotiating a resolution of any potential wage and hour claims without requiring judicial intervention based on Plaintiff's original representation in his Original Complaint that he would not seek damages based on any alleged wage and hour claims. Communications by and between an in-house counsel and the DOL during the negotiation of a settlement of an FLSA claim "may be subject to the work product privilege or the attorney-client privilege." *Lincoln v. Hartford Fire Ins.Co.*, No. CIV 02-739 LH/ACT, 2003 WL 27385260 at *2 (D.N.M. Apr. 29, 2003). Indeed, in negotiations of this type with the government, "the discoverability of communications made during settlement negotiations could have a 'chilling effect' on the willingness of litigants to engage in such discussions." *United States* ex rel. *Garbe v. Kmart Corp.*, No. 3:12-cv-00881-MJR-PMR, 2014 WL 2218758, at *5 (S.D. Ill. May 29, 2014) (holding made as part of False

Claims Act litigation). Thus, "[c]ourts finding themselves in this predicament sometimes apply a 'balancing of interests' analysis to reach a conclusion as to whether discovery should be permitted." *Id.* The process includes the Court reviewing documents *in camera* before the Court determines whether the requesting party has made a sufficient showing as to why the otherwise protected documents should be turned over to Plaintiff.

Moreover, this issue remains at the center of Plaintiff's Motion to Compel [DE No. 31] filed on February 9, 2021 and still pending before this Court. Rather than wait for this Court to complete its analysis of the discovery dispute, Plaintiff has chosen to attempt to go around the process initiated by Plaintiff and seek the information via a Rule 30(b)(6) deposition. Indeed, providing testimony on these issues might waive any privilege and/or protection that would attach to the discovery in dispute regarding documents exchanged with the DOL discussed in Plaintiff's Motion to Compel and Defendant Ahern Rentals, Inc's Response to Plaintiff's Motion to Compel. This Court should refuse to allow Plaintiff the opportunity to end run the issue by scheduling a deposition meant to probe the same area currently under consideration by this Court and strike Topic No. 7.

**B.     Topic No. 8 seeks information for which Plaintiff has already received testimony and also seeks information and communications protected by the work product doctrine.**

During the deposition of Ahern's Senior Vice President, Human Resources Rich Foltynewicz, Plaintiff spent significant time asking about the process used by Ahern to ensure delivery of the COBRA notice to Plaintiff. Foltynewicz detailed how he informed Plaintiff and the other laid-off employees about their rights under COBRA, requested these employees confirm their home address and informed these employees to expect something in the mail in the next fifteen (15) days. [APP. 0011, ll. 12-24]. Foltynewicz then proceeded to testify about the

processing of COBRA notices over the course of several pages of testimony including, but not limited to, testimony regarding how information about the termination made it to the human resources department, how the termination information was distributed to multiple departments within human resources such as the payroll department and compensation and benefit department, to ensure the proper processes moved forward, and how the information was distributed to the third-party administrator of the COBRA notice system to ensure delivery. [APP. 0011-18]. Moreover, Topic No. 8 seeks information protected by the work product doctrine to the extent it seeks testimony regarding any documents exchanged by and between counsel for Ahern and PlanSource that would otherwise indicate the impressions of counsel for Ahern.

    Ahern anticipates that it would provide Foltynewicz as a witness to once again describe the process used by Ahern to ensure delivery of the COBRA notice to Plaintiff. Pursuant to Rule 26(c), Ahern believes that allowing Plaintiff to use Topic No. 8 at a 30(b)(6) deposition will result in annoyance and impose an undue burden on Ahern who will have to prepare Foltynewicz to provide testimony again on this same topic for which he provided testimony less than two weeks prior to the filing of this motion. The Fifth Circuit has affirmed a district court's finding that a 30(b)(6) deposition seeking additional testimony on information already obtained via previous depositions of fact witness was "unreasonably cumulative and duplicative" warranting the quashing of the deposition. *Snoddy v. City of Nacogdoches*, 98 Fed. App'x 338, 340-41 (5th Cir. 2004). Moreover, the deposition of the third party administrator, PlanSource, is scheduled for March 23, 2021 and any questions on this topic can and should be directed to that witness. Finally, testimony regarding communications had by and between Ahern and PlanSource could likely involve areas that would reveal the mental impressions and strategy decisions made by counsel for

Ahern otherwise protected by the work-product doctrine. This Court should strike Topic No. 8 in its entirety.

C. **The overbreadth of topics for which Plaintiff seeks testimony in Topic Nos. 9 and 10 as well as the lack of specific limitations regarding the facts on which Plaintiff seeks testimony and work-product concerns warrant a protective order in this instance.**

Plaintiff failed to take any initiative to identify any of the affirmative defenses and/or responses to Plaintiff's First and Second Set of Interrogatories. Rather, Plaintiff identified eleven (11) separate affirmative defenses and eleven (11) separate responses to Interrogatories without any mention as to the specific facts on which Plaintiff sought testimony. Rule 26(b)(1) does not allow a party to seek discovery that is not proportional to the needs of the case when "the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). As the Northern District of Texas has recognized, requests seeking all information related to particular aspects of a case "goes too far." *Nerium Skincare, Inc. v. Olson*, 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), *objections overruled sub nom. Nerium SkinCare, Inc. v. Nerium Int'l, LLC*, 3:16-CV-1217-B, 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017). Indeed, the Northern District of Texas has found "blockbuster" discovery seeking all possible information regarding certain aspects of the litigation improper based on the undue burden, costs, and delay imposed by these impermissible requests. *Cook v. City of Dallas*, No. 3:12-CV-3788-N, 2017 WL 9534098, at *9 (N.D. Tex. Apr. 10, 2017). Rather, there must be some limitation to the production of documents relevant to the actual issues at hand.

Moreover, some of the identified responses seek duplicative information already sought in previously identified topics. For instance, Interrogatory No. 4 seeks information regarding the exact job duties of Plaintiff, a topic already explored in Topic No. 1. Other responses incorporated into these topics involve things such as a listing of all employees, their position, their age, etc. for

which Ahern cannot contemplate why Plaintiff would require additional testimony. There are appropriate discovery tools available to obtain this information, but a burdensome shotgun notice for a 30(b)(6) deposition is not one of them.

Plaintiff's identification of the responses to Interrogatories and affirmative defenses falls well short of identifying "the other limits of the areas of inquiry noticed" as required for Plaintiff to state a deposition topic with reasonable particularity. *Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *8 (N.D. Tex. Oct. 23, 2017). Moreover, these contention topics are overly broad as they seek "all" facts that support certain statements made over the course of this litigation. *Id.* at *10. This Court should grant Ahern's request for a protective order and strike Topics Nos. 9 and 10.

D. **This court should strike Topics No. 11 and 12 necessarily seek testimony that requires the witness divulge the impressions of counsel and strategy used as part of litigation and have limited relevance to any claim or defense in this action.**

Testimony regarding the method of search necessarily requires Ahern produce information regarding its investigation into the allegations made by Plaintiff in the pleadings in the above-captioned action. This will result in the discovery of information protected by the work product doctrine. Rule 26(b)(3)(B) requires a court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation" including in the 30(b)(6) context. FED. R. CIV. P. 26(b)(3)(B); *see Dennis v. United States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *8 (N.D. Tex. Oct. 23, 2017). Plaintiff has yet to request via Interrogatory a listing of the persons who provided responsive documents turned over in discovery and/or a listing of the search terms employed by Ahern, a far more effective manner to inquire into these issues without potentially violating the work-product doctrine. This choice to ignore this area in Interrogatories

Topics Nos. 11 and 12 have limited significance to the claims or defenses in this action. Indeed, the only potential purpose for seeking this testimony is to file yet another motion to compel discovery, a motion that will fall well outside the limits imposed by the scheduling order. Obtaining the testimony in this manner, however, would impose a significant burden on Ahern in order to protect its mental impressions. Thus, the testimony sought by Topics No. 11 and 12 are not proportional to the needs of this action and fall outside the scope of discovery in this action.

Topic No. 12 is particularly objectionable given its argumentative nature and requirement that the witness provide a legal conclusion on behalf of the company that this Court alone can decide. Rule 30(b)(6) requires Plaintiff describe these topics with reasonable particularity. FED. R. CIV. P. 30(b)(6). Topic No. 12's request that Ahern produce a witness that can testify as to "the completeness of the documents Ahern has produced" and "whether Ahern has complied with its duty to supplement under FED. R. CIV. P. 26(e)" falls substantially short of meeting Plaintiff's duty to "identify the outer limits of the areas of inquiry noticed" making the topic inadequate for use at a 30(b)(6) deposition.

This Court must strike Topics Nos. 11 and 12 from the list of topics in the Rule 30(b)(6) deposition notice. The topics seek information that have no bearing on the claims or defenses in this action. The topics will necessarily require significant annoyance and result in a significant burden on Ahern to protect information otherwise protected by the work product doctrine. Finally, Topic No. 12 fails to state with any particularity at all subject matter such that Ahern can comprehend "the outer limits of the areas of inquiry noticed" in order to adequately prepare a witness for deposition. This Court should enter a protective order striking Topics Nos. 11 and 12.

## IV.
## CONCLUSION

For the above-stated reasons, Ahern respectfully requests this Court grant its motion for protective order and issue an order striking the topics identified in the foregoing motion as stated above and grant such other relief to which Ahern may be entitled.

Respectfully submitted,

*/s/ Mark A. Flores*
Mark Flores
Texas State Bar No. 24076385
markflores@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, TX  75201-2931
214.880.8100
214.880.0181 (Facsimile)

Patrick Hicks
Admitted Pro Hac Vice
Nevada State Bar No. 004632
phicks@littler.com
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169-5937
702.862.8800
702.862.8811 (Facsimile)

ATTORNEYS FOR DEFENDANT
AHERN RENTALS, INC.

## CERTIFICATE OF CONFERENCE

  Counsel for Ahern Rentals, Inc. states that it has conferred with opposing counsel on February 10, 2021 and March 3, 2021, regarding the topics provided for the Deposition of Defendant Ahern Rentals, Inc. and exchanged multiple correspondence, including emails on March 15, 2021 regarding the same. While the parties were able to agree to certain limitations regarding the Notice of Deposition of Defendant Ahern Rentals, Inc., they were unable to resolve the above-stated topics necessitating the filing of the foregoing motion.

              */s/ Mark A. Flores*
              Mark A. Flores

## CERTIFICATE OF SERVICE

  On March 15, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically served same, using the CM/ECF system of the Court. The CM/ECF system sent a Notice of Electronic Filing to the following counsel of record, who has consented in writing to accept service of this document by electronic means:

  Fadi Yousef
  fyousef@robwiley.com

  Rob Wiley
  rwiley@robwiley.com

  Rasha Zeyadeh
  rzeyadeh@robwiley.com

              */s/ Mark A. Flores*
              Mark A. Flores

4821-1304-9056.4